IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MICHAEL SHANE ATKINS                                                                                          PLAINTIFF

V.                                         CASE NO. 08-CV-1014

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA and
UNITRIN, INC. LONG TERM
DISABILITY PLAN                                                                                             DEFENDANTS

## ORDER

Before the court is Plaintiff Michael Shane Atkins's Motion to Compel Discovery. (Doc. 9). Plaintiff moves the Court to enter an order compelling Defendants to fully and completely respond to Plaintiff's interrogatories and requests for production of materials outside of the administrative record. Defendants, The Prudential Insurance Company of North America ("Prudential") and Unitrin, Inc. Long Term Disability Plan, have responded. (Doc. 12). The Court finds the matter ripe for consideration.

In order to consider Plaintiff's motion, the Court must first establish the standard of review that is to be applied. Generally, when a disability plan governed by the Employee Retirement Income Security Act of 1974[1] ("ERISA") gives the plan administrator discretionary authority to determine eligibility for benefits, the Court deferentially reviews the administrator's decision for abuse of discretion and will not reverse the decision unless it is found to be "arbitrary and capricious." *Firestone Tire & Rubber Co. v. Branch*, 489 U.S. 101, 115, 109 S. Ct. 984, 103 L. Ed. 2d 80 (1989). The standard applied to evaluate an administrator's decision is one of reasonableness.

---

[1] 29 U.S.C. §§ 1001-1461

*Ratliff v. Jefferson Pilot Fin. Ins. Co.*, 489 F.3d 343, 348 (8th Cir. 2007).  The Eighth Circuit has stated that "[t]he discretionary decision of a plan administrator is not unreasonable merely because a different, reasonable interpretation could have been made." *Id*. at 348.

Here,  Plaintiff does not dispute that the plan documents at issue provided Prudential with sole discretionary authority to determine benefits eligibility.  Thus, the Court will apply a deferential standard of review.  *See Metropolitan Life Ins. Co. v. Glenn*, ___ U.S. ___, 128 S. Ct. 2343, 2348 (2008).

The standard of review in ERISA cases is inextricably tied to the amount of discovery that is allowed.  It is firmly established within the Eighth Circuit that, under this deferential standard of review, the Court will only examine evidence that was before the administrator when the decision was made.  *Wakkinen v. UNUM Life Ins. Co.*, 531 F.3d 575, 580 (8th Cir. 2008).  The Court will review the administrative record and apply  a "combination-of-factors" method, as set forth by the Supreme Court in *Metropolitan Life Ins. Co. v. Glenn*, ___U.S.___, 128 S. Ct. 2343 (2008), to determine if there has been an abuse of discretion.  The *Glenn* court clarified that a conflict of interest always exists where a plan administrator both evaluates claims for benefits and pays benefit claims.  *Id.* at 2346.  This is a factor that should be taken in to consideration; however, the mere existence of a conflict of interest does not warrant a change in the standard of review from deferential to *de novo*. *Id.* at 2350.   A conflict should only be weighed as one of many factors in determining whether there has been an abuse of discretion, and it may act as "a tie breaker when the other factors are closely balanced." *Id.* at 2351.

Plaintiff submitted  interrogatories and requests for production of evidence outside of the administrative record in order to determine the nature and extent of Prudential's conflict of interest

in the administration of Plaintiff's claim. Plaintiff argues that the holding in *Glenn* establishing the existence of a conflict of interest automatically opens the door to discovery to determine the extent of the conflict. Plaintiff also cites a New York district court case that interprets *Glenn* in this manner.[2] However, even Post-*Glenn*, the Eighth Circuit clearly states that the showing of conflicts and procedural irregularities must still be made exclusively in the administrative record. *Wakkinen*, 531 F.3d at 583. In *Wakkinen*, the plaintiff argued that a conflict of interest existed because the insurance plan gave the plan administrator discretionary authority to determine eligibility for benefits. *Id*. at 581. Plaintiff also contended that this conflict should be given more importance and consideration because it was accompanied by "systematically unfair" claim settlement practices. *Id*. at 582. Applying *Glenn*, the court recognized that this conflict of interest did exist. However, the court made clear that it would only review "evidence that was before the administrator when the decision was made." *Id*. The court ultimately concluded that there was not a sufficiently close balance of other factors for the conflict of interest to act as a "tiebreaker" in finding an abuse of discretion. *Id.* at 580.

The Court recognizes that a conflict of interest exists here due to Prudential's dual role as plan administrator and determiner of benefit eligibility. The Court also recognizes that there may be procedural irregularities that give more weight to this conflict when determining whether there has been an abuse of discretion. However, additional discovery aimed at determining the extent of a conflict that may or may not have given way to an abuse of discretion are not permitted. The administrative record should be a sufficient source for locating serious procedural irregularities or

---

[2]*Burgio v. The Prudential Life Insurance Company of America*, 253 F.R.D. 219 (E.D.N.Y. 2008).

abuses of power. Because of the foregoing reasons, the Court will limit its further inquiries in this case to the administrative record. Accordingly, Plaintiff's Motion to Compel Discovery should be and hereby is **DENIED.**

    IT IS SO ORDERED, this 31st day of July, 2009.

                                                                  /s/ Harry F. Barnes
                                                    Hon. Harry F. Barnes
                                                    United States District Judge